# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LISA TOMCYKOSKI,** | : | No. 1:08cv2014 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| **CONTINUING CARE RX, INC.,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is defendant's motion to dismiss and compel arbitration (Doc. 14). Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises out of plaintiff's employment with the defendant. According to the plaintiff's complaint, she began working for the defendant in October 2007. (Complaint (hereinafter "Complt.") (Doc. 1) at ¶ 13). On November 1, 2007, defendant promoted plaintiff to Director of Pharmacy. (Id. at ¶ 16). On March 7, 2008, plaintiff's fiancé, Dr. Sajal Roy, informed Defendant's CEO, Thomas Trite, that he and plaintiff were engaged. (Id. at ¶ 17). Dr. Roy is of Indian descent. (Id.). Plaintiff's supervisor, Richard Lescavage, told plaintiff that "I would not have told them that." (Id. at 18). Defendant summarily terminated plaintiff six days later. (Id.).

Plaintiff filed her complaint in this court on November 6, 2008. The complaint contains three counts. Count I alleges a violation of Title VII of the Civil Rights Act of 1964. Plaintiff contends that she was terminated on account of her engagement to a man of Indian descent, a violation of that statute's prohibition on race discrimination. Count II

alleges that defendant violated the race-discrimination in contracting prohibitions of 42 U.S.C. § 1981.  Count III raises a claim of gender discrimination pursuant to Title VII of the Civil Rights Act of 1964.

The plaintiff served the complaint on the defendant.  (Doc. 3).  Defendant filed an answer to the complaint on December 8, 2008.  (Doc. 4).  In its answer, defendant did not raise the arbitration provision contained in plaintiff's contract as a defense.  (See Id.).  The court held a case management conference on February 6, 2009.  (See Doc. 8).  The case management plan likewise did not address the issue of arbitration raised in the instant motion.  (See Doc. 10).  The court set case management deadlines, establishing June 1, 2009 as the date for discovery to close.  (See Doc. 12).

On April 7, 2009, defendant filed the instant motion to dismiss and compel arbitration.  (See Doc. 14).  The motion relates that plaintiff's employment contract with the defendant contained an arbitration provision in which the employee agreed that:

> I will submit any dispute–including but not limited to my termination–arising under or involving my employment with Continuing Care Rx to binding arbitration within 3 months from the date the dispute first arose.  I agree that arbitration shall be the exclusive forum for resolving all disputes arising out of or involving my employment.  I agree that I will be entitled to legal representation, at my own cost, during arbitration.  I further understand that I will be responsible for half the cost of the arbitrator and incidental costs of arbitration.

Arbitration Agreement, Exh. B to Defendant's Motion to Dismiss (Doc. 14-3) ("Agreement").

Plaintiff signed an "Acknowledgement [sic] of Agreement with Continuing Care Rx Arbitration Policy" on October 17, 2007.  (Id.).  Defendant contends that this arbitration agreement is binding, and that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, requires that the court dismiss the case, which arises from plaintiff's termination and is covered by the arbitration agreement.

2

The parties then briefed the issue, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Discussion**

The question in this case is whether the parties should be compelled to arbitrate their employment dispute. "It is well established that the Federal Arbitration Act (FAA), reflects a 'strong federal policy in favor of the resolution of disputes through arbitration.'" <u>Kirleis v. Dickie, McCamey & Chilcote, P.C.</u>, 560 F.3d 156, 160 (3d Cir. 2009) (quoting <u>Alexander v. Anthony Int'l, L.P.</u>, 341 F.3d 256, 263 (3d Cir. 2003)). Still, "[b]ecause arbitration is a matter of contract . . . before compelling arbitration pursuant to the Federal Arbitration Act, a court must determine that (1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of the agreement." <u>Id.</u> A court may "[compel] arbitration only where there is 'no genuine issue of fact concerning the formation of the agreement' to arbitrate." <u>Id.</u> at 159 (quoting <u>Par-Knit Mills, Inc. V. Stockbridge Fabrics Co.</u>, 636 F.2d 51, 54 (3d Cir. 1980)). In deciding whether such a question exists, "the party opposing arbitration is entitled to 'the benefit of all reasonable doubts and inferences that may arise.'" <u>Kirles</u>, 560 F.3d at 159. In addition, "[a] federal court must generally look to

3

the relevant state law on the formation of contracts to determine whether there is a valid arbitration agreement under the FAA." Blair v. Scott Specialty Gases, 283 F.3d 595, 603 (3d Cir. 2002).

The parties here disagree over whether the arbitration agreement contained in the contract is enforceable. Plaintiff argues that in acting to defend the lawsuit, defendant has waived its right to compel arbitration. "Courts deciding whether a party has waived a right to compel arbitration must make an initial determination as to whether the conditions of waiver have been met, and waiver under the FAA is not to be lightly inferred." Great Western Mortgage Corp. v. Peacock, 110 F.3d 222, 232 (3d Cir. 1997). The conditions for such waiver occur "when the parties have engaged in a lengthy course of litigation, when extensive discovery has occurred, and when prejudice to the party resisting arbitration can be shown." Id. at 233.

The Third Circuit Court of Appeals has found that "'prejudice is the touchstone for determining whether the right to arbitrate has been waived' by litigation conduct." Ehleiter v. Grapetree Stores, Inc., 482 F.3d 207, 222 (3d Cir. 2007) (quoting Hoxworth v. Binder, Robinson & Co., 980 F.2d 912, 925 (3d Cir. 1992)). As such, "[i]n order to obtain a finding that arbitration is waived, a party seeking arbitration must demonstrate prejudice." Wood v. Prudential Ins. Co. of America, 207 F.3d 674, 680 (3d Cir. 2000). Among the factors courts are to consider in determining the existence of prejudice are: "'[1] the timeliness or lack thereof of a motion to arbitrate . . . [2] the degree to which the party seeking to compel arbitration [or to stay court

4

proceedings pending arbitration] has contested the merits of its opponent's claims; [3] whether that party has informed its adversary of its intention to seek aribtration even if it has not yet filed a motion to stay the district court proceedings; [4] the extent of its non-merits motion practice; [5] its assent to the [trial] court's pretrial orders; and [6] the extent to which both parties have engaged in discovery.'" Ehleiter, 482 F.3d at 222 (quoting Hoxworth, 980 F.2d at 926-927). This test provides that "'waiver will normally be found only 'where the demand for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery.'" Id. (quoting Paine-Webber, Inc. v. Faragilli, 61 F.3d 1063, 1068-1069 (3d Cir. 1995)).

Plaintiff contends that defendant has engaged in substantial discovery in this case, even after it recognized that the dispute here could be subject to arbitration. This "conscious decision" to continue litigating the matter despite the arbitration agreement "demonstrates a deliberate intent to concede jurisdiction before this Court." (Brief in Opposition to Motion to Compel (Doc. 15) (hereinafter "Plaintiff's Brief") at 2). According to the plaintiff's brief, she filed her initial Federal Rule of Civil Procedure 26(a) disclosures on January 13, 2009, along with her first set of interrogatories and first request for production of documents.[1] (Id. at 1). On January 20, 2009, defendant served plaintiff with the same requests. (Id.). Plaintiff provided

---

[1] Plaintiff's brief indicates that she has attached these discovery documents as an exhibit to her brief in opposition to defendant's motion. No such exhibits exist, but the parties agree that they have exchanged written discovery materials, though no depositions have been scheduled.

her response to defendant's written request on March 26, 2009. (Id.). Defendant supplied this material on April 7, 2009. (Id.). Attached to the plaintiff's brief in opposition to defendant's motion is an e-mail from defense counsel to plaintiff's counsel, dated March 17, 2009. (See Exh. 2 to Plaintiff's Brief). The e-mail supplies the arbitration agreement at issue and inquires of plaintiff's counsel if his client is willing to submit to arbitration. (Id.).

The court finds that defendant did not waive its right to compel arbitration by answering the complaint and engaging in preliminary discovery. The complaint was filed in this court more than six months ago, and defendant answered the complaint, but no motions have been filed and the discovery completed to this point has been quite limited. Defendant notified plaintiff on March 17, 2009 that it intended to seek arbitration, six weeks after the court established a case-management schedule. Though the parties have exchanged preliminary materials, they have not deposed anyone. Defense counsel informed plaintiff of defendant's intention to seek arbitration before providing any discovery, and did not seek to depose any witnesses before attempting to compel arbitration. As such, the discovery process in this case had not advanced far before defendant raised the issue of arbitration, and plaintiff was not forced to engage in extensive and costly motion or deposition practice before being faced with the possibility of facing an arbitrator. Indeed, plaintiff does not contend that her ability to succeed in arbitration has been compromised by the discovery performed. As such, none of the factors for finding prejudice laid out by

6

the court in Hoxworth are here satisfied, and defendant has not waived the right to compel arbitration.

This case is like Palcko v. Airborne Express, Inc., 372 F.3d 588 (3d Cir. 2004), where the circuit court rejected the plaintiff's argument that defendant had waived its right to arbitration and upheld the district court's granting of defendant's motion to compel. The court noted that the defendant had moved to compel arbitration within thirty-eight days of learning of the lawsuit and twenty-two days after filing a motion to dismiss for insufficiency of service of process. Id. at 598. The defendant had also requested that plaintiff agree to arbitration ten days before moving to compel that action. Id. The court noted that "[a]lthough the length of time period involved alone is not determinative, Palcko has failed to show what adverse effects, if any, she has suffered within that short period of time." Id. Similarly, the Court of Appeals found in Wood v. Prudential Ins. Co. that the defendant had not waived its right to compel arbitration by stating in a joint discovery plan filed with the district court on June 12, 1998 that it reserved the right to compel arbitration by August 1, 1998 but did not do so until September 24, 1998. Wood, 207 F.3d at 680. The court found that this delay in seeking arbitration did not constitute a waiver, since "the delay was short and Prudential did not engage in significant litigation action that could have caused prejudice to Wood." Id. The delay in arbitration amounted only to six weeks, the defendant did not gain any advantage for the arbitration proceedings through the litigation, and did not take any depositions or serve any discovery requests. Id.

7

Here, the relatively short period between the filing of the suit and the motion to compel arbitration, combined with plaintiff's failure to demonstrate any prejudice from the proceedings in this court, likewise lead the court to conclude that defendant did not waive arbitration in this case.

Plaintiff insists, however, that even if defendant did not waive its right to compel arbitration the agreement is substantively unconscionable and thus invalid and unenforceable. Plaintiff points out that the arbitration agreement requires her to pay half the arbitrator's fee plus any additional costs of the arbitration. Comparing the "many thousands" of dollars required for such arbitration with the $350.00 required to commence a suit in this court, plaintiff argues that "[r]equiring Plaintiff to subject herself to the possibility of incurring thousands of dollars in arbitrator's fees merely to assert her rights is unconscionable, especially" since plaintiff has already paid her filing fee. (Plaintiff's Brief at 3). Moreover, plaintiff contends, the agreement is "completely one-sided" since it requires the plaintiff to submit her claims to arbitration, but does not do so for the defendant. (Id.). Thus, plaintiff must pay thousands of dollars to enforce her rights under the contract, while defendant can use the court system to do so. (Id.).

"An agreement to arbitrate may be unenforceable based on a generally applicable contractual defense, such as unconscionability." Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 264 (3d Cir. 2003). "Unconscionability is a 'defensive contractual remedy which serves to relieve a party from an unfair contract or from an

8

unfair portion of a contract.'" Harris v. Green Tree Fin. Corp., 183 F.3d 173, 181 (3d Cir. 1999) (quoting Germantown Mfg. Co. v. Rawlinson, 491 A.2d 138, 145 (Pa. Super. Ct. 1985)). "The party challenging a contract provision as unconscionable generally bears the burden of proving unconscionability." Id. Proving that a contract is unconscionable "'requires a two-fold determination: that the contractual terms are unreasonably favorable to the drafter and that there is no meaningful choice on the part of the other party regarding acceptance of the provisions.'" Bensalem Township v. International Surplus Lines Ins. Co., 38 F.3d 1303, 1312 (3d Cir. 1994) (quoting Worldwide Underwriters Ins. Co. v. Brady, 973 F.2d 192, 196 (3d Cir. 1991)); see also Delinger, Inc. v. Dendler, 608 A.2d 1061, 1068 (Pa. Supert Ct. 1992) (finding that "for a contract or a term to be unconscionable, the party signing the contract must have lacked a meaningful choice in accepting the challenged provision. Second, the challenged position must 'unreasonably favor' the party asserting it."). In other words, the contract provision must be both "substantively" and "procedurally" unconscionable for a court to find it unenforceable. Alexander, 341 F.3d at 265.

Plaintiff does not explain how the contract she signed was procedurally unconscionable, but focuses solely on the substantive unconscionability of the agreement. Plaintiff does appear to argue that the contract is so "one-sided" that plaintiff could not have had a realistic choice in deciding to sign it, and that the contract is therefore a contract of adhesion. A contract of adhesion is one where "the parties are not of equal bargaining power and the weaker party, usually the

9

buyer, must adhere to the terms of the form contract if he wants to purchase the goods or services at all." Brokers Title Co. v. St. Paul Fire & Marine Ins. Co., 610 F.3d 1174, 1179 (3d Cir. 1979). Thus, "[a]dhesion contracts are not the product of bargaining between the parties but are no more than an offer by one party to the other on a 'take it or leave it' basis." Id. Courts have found that an employment contract "[p]repared by the party with excessive bargaining power'" and presented to plaintiffs "'for signature on a take-it-or-leave it basis'" are the sorts of contracts that satisfy the procedural unconscionability portion of the test. Alexander, 341 F.3d at 266 (quoting Trailer Marine Transp. Corp. v. Charley's Trucking, Inc., 20 V.I. 282, 284 (1984)). The defendant does not address the issue of whether the contract was presented to plaintiff on a "take-it-or-leave-it" basis, but instead focuses its argument on whether the contract was substantively unconscionable. The court will assume that defendant agrees that the contract meets the procedural portion of the test.

Plaintiff cannot prevail, however, unless she can also demonstrate that the arbitration provision in the contract was substantively unconscionable. Plaintiff's argument in this area is in part premised on the notion that a contract that requires only one side to submit its claims to arbitration is unconscionable. The Third Circuit Court of Appeals has found, however, that "[w]here . . . an arbitration provision requires only one side to submit its claims . . . to arbitration, but does not alter or limit the rights and remedies available to the party in the arbitral forum, it cannot be said that the parties' agreement is substantively unconscionable." Edwards v.

10

HOVENSA, LLC, 497 F.3d 355, 364 (3d Cir. 2007). The plaintiff does not contend that her rights or remedies were limited in arbitration, and therefore the mere fact that only she had to submit her claims to that forum does not establish substantive unconscionability.

Plaintiff also argues that the agreement is unconscionable because it requires her to bear one-half of the costs of the arbitration, making that procedure more expensive than filing a lawsuit. The Supreme Court has held that "where . . . a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, the party bears the burden of showing the likelihood of incurring such costs." Green Tree Fin. Corporation-Alabama v Randolph, 531 U.S. 79, 92 (2000). Here, plaintiff does not provide the court with information on the actual costs of arbitration, nor does she demonstrate that she could not pay them. She merely argues that the cost of arbitration would be greater than the $350 filing fee required to bring a case in federal court. That argument is unpersuasive, in that the costs of litigation, particularly when a party employs counsel, are not limited to the filing fee.[2] Serving process, taking and recording depositions, employing an expert and compensating an attorney all represent substantial costs. These costs will largely be borne out of the plaintiff's award, if any. Moreover, "the mere existence of a fee-splitting agreement" does not meet the plaintiff's burden of

---

[2] Plaintiff does not argue that requiring plaintiff to pay the fees of her own attorney for the arbitration proceedings somehow violates the law.

11

"prov[ing] the likelihood of incurring prohibitive costs." Blair v. Scott Specialty Gases, 283 F.3d 595, 610 (3d Cir. 2002). Without showing the potential costs of arbitration and balancing this against the costs of litigation, plaintiff has not met her burden to prove the substantive unconscionability of the arbitration agreement. The court will not disrupt the clear federal policy favoring the arbitration of disputes based on unsupported claims in plaintiff's brief.

Plaintiff also contends that the court should not dismiss the case because of the existence of the arbitration agreement, but rather stay the case pending the outcome of the agreement. Plaintiff insists that the FAA does not provide dismissal as a remedy. Courts have found, however, that "[i]f all the claims involved in an action are arbitrable, a court may dismiss the action instead of staying it." Seus v. John Nuveen & Co., 146 F.3d 175, 179 (3d Cir. 1998). Dismissal is not permitted, though, when one of the parties moves to stay the case pending arbitration, since "the plain language of [9 U.S.C.] § 3 affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration." Lloyd, 369 F.3d at 269. Since neither party has moved for a stay in the litigation pending arbitration, the question here is thus whether all the claims in the action are arbitrable and thus dismissal of the action is justified.

The defendant argues that the arbitration agreement covers all of the claims raised in plaintiff's complaint. The agreement provides that plaintiff "will submit any dispute–including but not limited to my termination–arising under or involving my

12

employment with Continuing Care Rx to binding arbitration within 3 months from the date the dispute first arose." (Arbitration Agreement). The complaints raised by plaintiff in this case concern gender and race discrimination in plaintiff's employment with defendant. As such, the court finds that all of plaintiff's claims arise under or are involved with plaintiff's employment. All of those claims are arbitrable. The court will therefore compel arbitration and dismiss the complaint.

**Conclusion**

For the reasons stated above, the court will grant the defendant's motion to compel arbitration and dismiss the complaint. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA TOMCYKOSKI, | : | No. 1:08cv2014 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| CONTINUING CARE RX, INC., | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 24th day of June 2009, the defendant's motion to dismiss and compel arbitration (Doc. 14) is hereby **GRANTED**. The case is hereby dismissed and the parties are **ORDERED** to arbitrate the case pursuant to the arbitration agreement between them. The Clerk of Court is directed to **CLOSE** the case.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
UNITED STATES DISTRICT COURT